STATE OF MISSOURI, Respondent, v. ROGERS,
Appellant.

St. Louis Court of Appeals, February 23, 1909.

CRIMES AND PUNISHMENTS: Abortion. In a prosecution, un-
der section 1853, Revised Statutes 1899, of one for administering
drugs to a woman in violation of the provisions of that section,
the evidence is examined and held insufficient to sustain a
verdict of guilty.

Appeal from Knox Circuit Court.—*Hon. Charles D.
Stewart,* Judge.

REVERSED.

*F. E. Robinson, C. R. Fowler* and *E. R. McKee* for
appellant.

*James C. Dorian, O. D. Jones* and *W. N. Doyle* for
respondent.

GOODE, J.—This defendant was convicted under
section 1853 of the Revised Statutes 1899, for the of-
fense of administering drugs to a pregnant woman with
the intent to procure an abortion or miscarriage. The
contention on the appeal is the evidence is insufficient
to support the verdict.

Defendant and the young woman began an illicit
connection in June, 1906, and kept it up until the sum-
mer of 1907. She says she was pregnant in July and
August and testified she had a miscarriage in Septem-
ber, and that defendant, at different times, procured
drugs and gave them to her to take to cause a miscar-
riage. He claims he gave them to her to cure her of
suppression of the menses, an affliction a cousin of his
had suffered from and to whom he had given the like
drug. The evidence is convincing that his purpose in
administering them to the prosecutrix was to bring

about a miscarriage, if perchance she was pregnant. She testified to missing her menstrual flow in November and December, 1906, and according to the testimony of a physician, this was some slight evidence she was pregnant. One of the physicians who testified for the State, examined her in the early part of June, 1907, and found her to be advanced then in pregnancy, between four and four and one-half months. This would carry the inception of that pregnancy back to near the middle of January, or a little later. The count of the indictment upon which the State went to trial, charged defendant with administering the drug on the. ——— day of January, 1907. The prosecutrix did not claim she had a miscarriage after she missed her menses in November, and therefore if she was pregnant then, the condition must have continued until the examination by the physician in June. If she was in fact pregnant during the middle of January, and prior thereto, the evidence sufficiently proves defendant administered a drug to her during said month, with intent to produce an abortion. Just what date during the month he furnished the drug is not clear, but she swore she took the last of it on the 19th of January, hence there is no evidence to prove defendant administered any drug later than said date. As we have stated, it was barely possible, according to the testimony of the physician who examined her early in June, that she was with child around the 19th of January, and this circumstance and her testimony that she had missed her menses during the last previous month is all the evidence tending to establish pregnancy in January. The great weight of the testimony goes to prove she was not then pregnant. In March defendant took her to a physician in Quincy, Illinois, who made an examination with a speculum, and by other methods, and found she was not pregnant, at least so the physician swore. Several other physicians gave testimony in answer to hypothetical questions, which

strongly indicate she could not have been with child in January, and there is other evidence of the same import. So much for the record. The State sets forth in its brief that the prosecuting witness gave birth to a child after the trial, a fact not of course contained in the evidence. As the State went out of the record in this matter, the defendant's counsel in their brief said the child was born November 22, 1907, and produced the affidavit of the physician who attended her in support of the fact. In truth this matter is mentioned in the briefs by counsel on both sides, and was referred to, in open argument, before the court, as though it was in proof and to be considered by us. Such being the fact about the birth of the child it is manifest the prosecuting witness could not have been pregnant in January. There is no proof, or even contention, that she had a miscarriage after January, or that defendant administered any drug to her later than that month, and he is clearly innocent of the offense with which he is charged, however culpable his conduct with the girl may have been. One element of the statutory offense is that the drug must have been administered at the time of pregnancy. This was not proved and the judgment is reversed. All concur.